UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CD ACQUISITIONS, LLC,
                              Plaintiff,

                    -v-

CENCORA, INC., *et al.*,
                              Defendants.

25-CV-4154 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In their notice of removal, Defendants invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1 at 2-3.)  However, the notice did not adequately demonstrate the Court's subject matter jurisdiction because it did not allege the citizenship of each of the members of the LLC Plaintiff.  Accordingly, this Court ordered Defendants to show cause as to why the action should not be remanded for lack of subject matter jurisdiction.  (ECF No. 5.)  The parties then filed a joint letter indicating disagreement on the citizenship of an LLC member of Plaintiff, GFN Company, LLC.  (ECF No. 45.)  In particular, the parties disagreed on whether one member of GFN Company, Mark Notash, is a citizen of Pennsylvania.  (*Id.*)  Notash's citizenship is pertinent because Defendants both have their principal places of business in Pennsylvania, making them Pennsylvania citizens for diversity purposes.

In light of the dispute, this Court ordered jurisdictional discovery.  (ECF No. 52.)  After discovery failed to resolve the dispute (ECF No. 54), this Court held a telephonic conference, at which it ordered Plaintiff to file an affidavit by Notash stating his citizenship.  (ECF No. 57.)  Plaintiff has now filed Notash's affidavit, in which Notash states under penalty of perjury that he has resided in Pennsylvania since becoming a member of GFN Company and that he has no present intention of making any other place his domicile.  (ECF No. 58-1 ¶ 3.)

1

"In the Second Circuit, a sworn statement regarding citizenship will be a strong factor in favor of a similar judicial finding, absent contradictory evidence." *Morton v. Citibank, N.A.*, No. 18-CV-9048, 2019 WL 3066412, at *3 (S.D.N.Y. July 12, 2019) (quotation marks omitted). Thus, Notash's declaration under penalty of perjury presents substantial evidence that he is domiciled in Pennsylvania. The fact that Notash has a Wisconsin driver's license is not enough to contradict the representations Notash has made in his sworn declaration. *Id.* at *4 (concluding the same where Defendant put forward evidence that Plaintiff had a driver's license and was registered to vote in a different state than his claimed domicile). In any event, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (cleaned up).

Because Plaintiff and Defendants are therefore not "citizens of different States," 28 U.S.C. § 1332(a)(1), this case falls outside this Court's diversity jurisdiction. Defendants have offered no alternative basis for federal subject matter jurisdiction over this action. Accordingly, the case must be remanded to state court. In light of this conclusion, Defendants' motion to dismiss the first amended complaint is DENIED as moot without prejudice to the renewal of a similar motion in the state court.

The Clerk of Court is directed to close the motion at Docket Number 46, close the case on this Court's docket, and remand the matter to the New York Supreme Court, New York County.

SO ORDERED.

Dated: December 1, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

2